UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01859-JMS-MG |
| | ) |
| TODD ROKITA, in his capacity as | ) |
| Attorney General of Indiana, and | ) |
| RYAN MEARS, in his capacity as | ) |
| Marion County Prosecutor | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CASE MANAGEMENT PLAN**

**I.    Parties and Representatives**

   A.  Parties:
      a.  Plaintiff
          i.  The Satanic Temple, Inc.

      b.  Defendants
          i.  Todd Rokita, in his capacity as Attorney General of Indiana
          ii. Ryan Mears, in his capacity as Marion County Prosecutor

   B.  Representatives:
      a.  Plaintiff
          W. James Mac Naughton, Esq.
          7 Fredon Marksboro Road
          Newton, NJ 07860
          732-213-8180
          732-875-1250
          wjm@wjmesq.com

      b.  Defendants
          Aaron Ridlen
          Christopher Anderson
          Rebekah Durham
          Thomas M. Fisher
          Melinda Holmes
          James Barta

        Office of Attorney General Todd Rokita
        302 West Washington Street
        IGCS-5th Floor
        Indianapolis, IN 46204
        Phone: (317)232-2826 (Ridlen)
        (317)233-8647 (Anderson)
        (317)232-6329 (Durham)
        (317)232-6255 (Fisher)
        (317)232-6357 (Holmes)
        (317)232-0709 (Barta)

        Fax: (317) 232-7979
        aaron.ridlen@atg.in.gov
        christopher.anderson@atg.in.gov
        rebekah.durham@atg.in.gov
        tom.fisher@atg.in.gov
        melinda.holmes@atg.in.gov
        james.barta@atg.in.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**   **Jurisdiction and Statement of Claims**

A.   Plaintiff asserts the Court has subject matter jurisdiction over Counts One, Two and Three pursuant to 28 U.S.C. § 1331 (federal question), Count Four pursuant to 28 U.S.C. § 1332(a) (diversity) and Count Five pursuant to 28 U.S.C. § 1367 (supplemental).

Defendants suspect plaintiff lacks standing, but discovery as to standing may be necessary, particularly as to the clinic identified in the complaint as well as identifiable "involuntarily pregnant" women.

B.   Count One alleges Indiana Code § 16-34-2-7(a) (the "Indiana Abortion Ban") violates the Takings Clause by conscripting the use of a woman's uterus to incubate an "unborn child" without her consent and without just compensation.

Count Two alleges the Indiana Abortion Ban violates the Involuntary Servitude Clause by forcing a woman to incubate and give birth to an "unborn child" without her consent.

Count Three alleges the Indiana Abortion Ban violates the Equal Protection Clause by exempting women who are pregnant without their consent by force but not exempting women who are pregnant without their consent by accident.

> Count Four alleges the Indiana Abortion Ban violates Indiana Code § 34-13-9-1 et seq. ("RFRA") by making Plaintiff's delivery of a medical abortion in Indiana a crime.
>
> Count Five alleges the Indiana Abortion Ban violates RFRA by making the exercise of the Satanic Abortion Ritual in Indiana a crime

C. Defendants deny that Plaintiff has stated a claim for relief. Defendants deny that Indiana's abortion laws are unconstitutional in any way.

III. **Pretrial Pleadings and Disclosures**

A. The parties stipulate to an Anchor Date of **March 23, 2023**, because that is the date of the amended complaint.

B. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 23, 2023.**

C. Plaintiff shall file preliminary witness and exhibit lists on or before **July 30, 2023.**

D. Defendants shall file preliminary witness and exhibit lists on or before **August 6, 2023**.

E. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before the later of 1) thirty days (30) days after the Court's disposition of a motion to dismiss; or 2) **September 30, 2023**.

F. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **August 23, 2023**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal: on or before **September 22, 2023**.

G. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 23, 2024**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 22, 2024**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 23, 2024**.

H. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 60 days prior to the dispositive motion deadline. If such expert disclosures

3

  are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

I. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **60 days before trial**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

J. All parties shall file and serve their final witness and exhibit lists on or before **May 23, 2024**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

K. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

L. <u>Discovery of electronically stored information ("ESI")</u>.  The parties do not anticipate seeking or producing a substantial volume of ESI.

1. Definition. "Electronically stored information (ESI)" includes all types of information that can be stored electronically that are within the scope of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

2. Disclosure or production of ESI will be limited to data reasonably available to the parties in the ordinary course of business.

3. ESI shall be disclosed or produced in native format or any reasonably usable format. If disclosed in any non-native format, the producing party must provide a written description as to the reason for producing the information in a non-native format and identify the information that is lost by producing the information in a non-native format (an exception is allowed for converting emails to PDF as long as the header information is preserved).

4. The scope of discovery or the format of the production of ESI may be further limited or modified by agreement by the parties.

5. The scope of discovery or the format of the production of ESI may be further limited or modified by order of the Court upon a showing of good cause or undue burden or expense.

6. Privilege logs need not include documents created after the date on which this action was commenced where the only parties in the communication are counsel of record and their client in this case. Unbroken chains of email communications may be regarded as one, single document for purposes of entry on any privilege log.

7. Inadvertent Production of Privileged Documents. Pursuant to Rule 502(d) of the Federal Rules of Evidence, inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product doctrine ("privileged information") shall not constitute a waiver of the privilege or protection in this action or in any other case or proceeding. If any party to this action inadvertently discloses privileged information, upon becoming aware of such inadvertent disclosure the party in receipt of such privileged information shall not share or exchange the privileged information with any non-party, and shall promptly return the privileged information to the producing party; provided, however, the party in receipt of the privileged information may retain a copy of the privileged information if the party intends to challenge the claim of privilege or protection. Absent evidence to the contrary, it is presumed that the disclosure of privileged information was inadvertent unless the party disclosing the privileged information intends to use or uses the information in support of or in response to claims or defenses raised in this action. Further, it is presumed that, with respect to any inadvertent disclosure of privileged information, absent evidence to the contrary, the party producing the privileged information took reasonable steps to prevent the disclosure and promptly took reasonable steps to rectify the error.

## IV.   Discovery[1] and Dispositive Motions

A.   All parties agree that this case is appropriate for summary judgment or other dispositive motion.

*Defendants believe that the claims will be appropriate for summary judgment if not deposed of in the forthcoming motion to dismiss.*

B.   On or before **October 13, 2023**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

   __X__   Track 2: Dispositive motions are expected and shall be filed by **March 23, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 23, 2024**; expert witness discovery and discovery relating to damages shall be completed by **June 23, 2024**. All remaining discovery shall be completed by no later than **July 23, 2024**

   <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

Plaintiff does not believe this case can be resolved by settlement.

VI. **Trial Date**

The parties request a trial date in **October 2024**. The trial is a non-jury trial and is anticipated to take two (2) days.

VII. **Referral to Magistrate Judge**

   A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

   A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

      2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of

      these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall

7

        submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

Plaintiff is concerned that the public disclosure of the identity of its members, officers, employees, and expert witnesses could subject them to threats or acts of violence. This concern is based on an attempt to burn down Plaintiff's offices in Salem MA by an individual who carried a Bible and copy of the Constitution.

Accordingly, officers and employees will be identified by the pseudonyms they routinely use in conducting Plaintiff's business. Plaintiff's members who are not officers or employees will not be individually identified, even anonymously, nor will they be made available for deposition.

Plaintiff requests the entry of an order directing that personally identifiable information of Plaintiff's expert witnesses be kept confidential, filed under seal, and references to Plaintiff's expert witnesses in the public record be by the use of his or her title and initials, e.g., Dr. J.S.

The Defendants believe jurisdictional discovery will be necessary before the filing of a responsive pleading or a motion under Rule 12(b). It intends to raise the issue with the Court at the upcoming status conference. To the extent plaintiff is concerned about confidentiality, it is free to file a motion for a protective order. The Defendants, however, do not agree with the extent of the protections proposed here. Discovery regarding individual members may be necessary to ascertain whether the Court has jurisdiction.

May 1, 2023

                                              */s/W. James Mac Naughton*
                                              W. James Mac Naughton, Esq.
                                              7 Fredon Marksboro Road
                                              Newton, NJ 07860
                                              wjm@wjmesq.com
                                              *Attorney for Plaintiff The Satanic Temple, Inc.*

/s/*Aaron M. Ridlen*
Aaron Ridlen
Office of Attorney General Todd Rokita
302 West Washington Street
IGCS-5th Floor
Indianapolis, IN 46204
Phone: (317)232-2826
Fax: (317) 232-7979
aaron.ridlen@atg.in.gov
*Attorney for Defendants Attorney General Todd Rokita and Prosecutor Ryan Mears*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**