# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01859-JMS-MG |
| | ) |
| TODD ROKITA, in his capacity as Attorney General of Indiana and RYAN MEARS, in his capacity as Marion County Prosecutor, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Todd Rokita, in his official capacity as Attorney General of Indiana, and Ryan Mears, in his official capacity as Marion County Prosecutor, by counsel, pursuant to Federal Rule of Civil Procedure 6 and Southern District of Indiana Local Rule 6-1(c), respectfully request the Court for an extension of time to respond to Plaintiff's First Amended Complaint, and state the following in support:

1. Defendants' response to Plaintiffs First Amended Complaint is due May 22 2023.

2. Defendants request an extension of 45 days to include July 6, 2023 for the purpose of completing jurisdictional discovery.

3. The request constitutes good cause because Plaintiff's First Amended Complaint leaves open the question of whether this Court has jurisdiction to hear each of the claims. In particular, the First Amended Complaint

1

neither identifies nor provides sufficient information about the individuals that the Satanic Temple purports to represent in this case. A plaintiff must establish standing for reach of its claims independently. *Rifkin v. Bear Stearns & Co., Inc.*, 248 F.3d. 628, 634 (7th Cir. 2001). Counts 4 and 5 invoke the Religious Freedom Restoration Act. Am. Compl. ¶¶ 99–112, ECF No. 21. Such claims generally require individual participation. *See Harris v. McRae*, 448 U.S. 297, 321 (1980).

4. Additionally, Plaintiff claims to have "spent over $75,000 to establish and maintain an abortion clinic" which is apparently part of the basis for jurisdiction in Count 4. Am. Compl. ¶¶ 19, 34. The Amended Complaint provides few details about the abortion clinic, but upon information and belief the abortion clinic is neither located in nor licensed to do business in Indiana—calling into question where there could be a cognizable injury.

5. Defendants transmitted discovery requests to Plaintiff on May 8, 2023 requesting a stipulation that response would be due May 18, 2023. Plaintiff refused that stipulation and has yet to respond to Defendants' discovery requests.

6. The initial disclosure deadline is June 9, 2023. Defendants are not requesting an extension of that deadline. No other deadlines in the Case Management Plan would pass in the period requested by this motion.

7. It is believed that Plaintiff objects to this request. In an email from May 1, 2023 Plaintiff objected to a 90 day stay of deadlines. Counsel for Defendants emailed Plaintiff's counsel at 10:27 a.m. on May 17 to get his

position on a 45-day extension. As of 3:23 p.m. on May 17 Defendants' counsel has been unable to confirm Plaintiff's position.

**WHEREFORE**, Defendants, by counsel, respectfully request a 45-day extension up to and including July 6, 2023, in which to respond to the First Amended Complaint.

        Respectfully submitted,

        THEODORE E. ROKITA
        Attorney General of Indiana
        Attorney No. 18857-49

By:   Aaron M. Ridlen
       Deputy Attorney General
       Attorney No. 31481-49

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
302 West Washington Street – IGCS – 5th Floor
Indianapolis, IN  46204-2770
Telephone:  (317) 232-2826
Facsimile:  (317) 232-7979
E-mail:  Aaron.Ridlen@atg.in.gov