UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

THE SATANIC TEMPLE, INC.

     Plaintiff

  v.

TODD ROKITA, in his
capacity as the Attorney General of
Indiana and
RYAN MEARS, in his capacity as
Marion County Prosecutor

     Defendants

Case No. 1:22-cv-1859-JMS-MG

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR AN EXTENSION OF TIME TO FILE**

    Plaintiff The Satanic Temple, Inc. ("TST") opposes Defendants' Motion for an Extension of Time to respond to the First Amended Complaint (the "Motion"). ECF No. 34 and states as follows:

    1.    Ordinarily, TST routinely consents to the extension of deadlines.  Moreover, Defendants could get a 28 extension of time to file their response as a matter of course pursuant to Local Rule 6-1.  TST objects to this request for an extension because it serves no purpose other than to unnecessarily delay these proceedings.

    2.    Defendants assert they wish to conclude "jurisdictional discovery" on "information about the individuals that the Satanic Temple purports to represent in this case" and where the TST Clinic is licensed and operates. See Motion at ¶¶3 and 4.

    3.    On May 6, 2023, Defendants served TST with:

1

  a. Defendants' First Set of Requests For Admission To Plaintiff, copy attached as Exhibit A;

  b. Defendants' First Set of Interrogatories, copy attached as Exhibit B;

  c. Defendants First Set of Requests for Production of Documents, copy attached as Exhibit C.

4. This is a very broad fishing expedition into the details of how TST operates, including, without limitation, the identity of TST members and the operation of the TST Clinic. This discovery encompasses far more than "jurisdictional discovery."

5. The pertinent jurisdictional facts are alleged in the First Amended Complaint. In summary, TST alleges:

  a. The Indiana Abortion Ban will injure numerous members of TST by unconstitutionally conscripting their bodies to incubate unwanted children; and

  b. The Indiana Abortion Ban makes it a crime for TST to deliver the Abortifacients necessary for the Satanic Abortion Ritual in Indiana; and

  c. The Indiana Abortion Ban has caused TST to spend money to promote the delivery of the Satanic Abortion Ritual in Indiana.

6. Defendants have not explained why any of the discovery they seek is necessary to respond to these allegations, particularly at this early stage of the litigation. TST does not need to identify the members it represents by name to have standing to represent their interests. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1011 (7th Cir. 2021) ("[T]he requirement for an individual member to have standing still allows for the member on whose behalf the suit is filed to remain unnamed by the organization." [internal citations and quotations omitted]). Defendants cite no authority that requires TST to spend money in Indiana

or establish an abortion clinic in Indiana to have standing to challenge the constitutionality of the Indiana Abortion Bans.

      7.      Defendants suffer no injury or disadvantage by timely responding to the First Amended Complaint in the manner contemplated by Fed. R. Civ. Pro. 12. Since TST has to show it has standing at every stage of this case, Defendants will have ample opportunity, after discovery is complete, to seek summary judgment in their favor on the grounds TST does not have standing.

May 18, 2023

                                                    <u>*W. James Mac Naughton*</u>
                                                    W. James Mac Naughton, Esq.
                                                      7 Fredon Marksboro Road
                                                      Newton, NJ 07860
                                                      wjm@wjmesq.com
                                                      *Attorney for Plaintiff The Satanic Temple*