**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01859-JMS-MG |
| | ) | |
| TODD ROKITA, in his capacity | ) | |
| as Attorney General of Indiana, | ) | |
| and RYAN MEARS, in his | ) | |
| capacity as Marion County | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Defendants, by counsel, Deputy Attorney General Aaron M. Ridlen, and in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submit these requests for production of documents to Plaintiff, to be answered within 30 days or such shorter or longer time as the parties may stipulate.

### DEFINITIONS

1. "Plaintiff," "You," "Plaintiffs," "You," "Your," "Yours," and "Yourself" refer to the party to whom these discovery requests are directed, including but not limited to any agents, representatives, or employees of the party, including, without limitation, Plaintiff's counsel. These words shall not be interpreted to be so limited as to merely be asking for the knowledge of the persons signing on behalf of the party.

2. Unless otherwise defined, all words contained in these requests should be construed in accordance with their ordinary meaning or meanings in the English language.

3. The singular shall include the plural, and the plural shall include the singular. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.  "And" shall include "or" and "or" shall include "and." "Any" shall include "all" and "all" shall include "any."

4. Any reference to a non-natural person includes that person's directors, officers, employees, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, subsidiaries, and parent companies, and includes any other person or entity acting on behalf of such non-natural person.

5. "Document" means any item that is printed, recorded, or reproduced by any hand, mechanical, electronic, or computer process, and any other documents subject to production under Federal Civil Procedure Rule 34.

6. "Relating to" and "concerning" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing or referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure.  These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts, and other communications concerning those events.

7. "Complaint" means the Satanic Temple's First Amended Complaint in this lawsuit, filed March 23, 2023.

8. "The Abortion Clinic" means the Satanic Temple's Abortion Clinic referenced in paragraphs 19-25 of the Complaint.

## INSTRUCTIONS

1. Materials responsive to these requests must be produced within 30 days of service, or such shorter time as the parties may stipulate, according to Federal Rule of Civil Procedure 34 (b)(2). These requests shall be deemed continuing so as to require supplemental response if further information is obtained between the time of service of the answers and the time of trial. You are under a duty to seasonably amend your responses upon receipt of new, supplemental, or supplanting information, and not to hold such information until the time of trial or settlement.

2. These requests encompass all documents, items, and information within your possession, custody, or control, or to which you have access.

3. The documents shall be produced in an organized and orderly manner and labeled to correspond to the numbers of the requests. For each request, identify with specificity which documents are produced in response thereto.

4. If you have any objection to any Request or any part of a Request, state the specific nature of the objection and whether it applies to the entire Request or to part of the Request. If there is an objection to any part of a Request, then the part objected to shall be identified and documents responsive to the remaining unobjectionable part shall be produced.

5. If you refuse to produce any document on the grounds that the document is privileged or otherwise protected from discovery, provide with respect to each such document:

    a. A description of the document, including the type of document, date of the document, number of pages of the document, and the general nature of the document's contents;

    b. The identity of the person who prepared the document;

    c. The identity of each person who has read the document or to whom the document was circulated; and

    d. A statement of the grounds on which the claim of privilege or right to withhold is based.

6. To the extent a requested document contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the document produced. If you redact privileged information from a document, provide with respect to each redaction the general nature of the redacted contents and a statement of the grounds on which the claim of privilege or right to withhold is based.

7. To the extent that these requests for production request information deemed confidential under rule, statute, or court order, you should mark or denote such information as confidential when providing a response.

8. If no documents exist that are responsive to a request, or part of a request, state so in writing.

9. If, in responding to these requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

10. If you are unable to produce a requested document, please state with specificity the reasons why you are unable to produce the requested document.

11. Unless otherwise noted, the relevant timeframe for these requests is January 1, 2013 to March 23, 2023.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1** Provide true and accurate copies of all documents described or identified in any of your Interrogatory responses.

**RESPONSE:**


**REQUEST NO. 2** Provide true and accurate copies of all documents created, published, or distributed by The Satanic Temple or The Abortion Clinic that describe the nature or scope of the services provided by The Abortion Clinic.

**RESPONSE:**


**REQUEST NO. 3** Provide true and accurate copies of all documents relating to becoming a member of The Satanic Temple, including membership applications, informational materials, documented policies, and forms provided to members and potential members.

**RESPONSE:**


**REQUEST NO. 4** Provide true and accurate copies of all internal policies relating to membership in The Satanic Temple.

**RESPONSE:**


**REQUEST NO. 5** Provide true and accurate copies of all financial records and other documents showing the specific expenses to which the money referenced in paragraph 10 of the Complaint was applied.

**RESPONSE:**

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: May 8, 2023              By:   /s/ Aaron M. Ridlen
                                    Aaron M. Ridlen
                                    Deputy Attorney General
                                    Attorney No. 31481-49
                                    *Attorney for Defendants*