## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01859-JMS-MG |
| | ) | |
| TODD ROKITA, in his capacity | ) | |
| as Attorney General of Indiana, | ) | |
| and RYAN MEARS, in his | ) | |
| capacity as Marion County | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendants, by counsel, Deputy Attorney General Aaron M. Ridlen, and in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, propound the following interrogatories to Plaintiff, to be answered in writing and under oath within 30 days or such shorter or longer time as the parties may stipulate, in accordance with the Federal Rules of Civil Procedure.

### DEFINITIONS

1. "Plaintiff," "You," "Plaintiffs," "You," "Your," "Yours," and "Yourself" refer to the party to whom these discovery requests are directed, including but not limited to any agents, representatives, or employees of the party, including, without limitation, Plaintiff's counsel. These words shall not be interpreted to be so limited as to merely be asking for the knowledge of the persons signing on behalf of the party.

2. Unless otherwise defined, all words contained in the Interrogatories should be construed in accordance with their ordinary meaning or meanings in the English language.

**EXHIBIT 1**

3. The singular shall include the plural, and the plural shall include the singular. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive. "And" shall include "or" and "or" shall include "and." "Any" shall include "all" and "all" shall include "any."

4. Any reference to a non-natural person includes that person's directors, officers, employees, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, subsidiaries, and parent companies, and includes any other person or entity acting on behalf of such non-natural person.

5. "Identify," when used in relationship to a person, means to give the person's full name, home address and telephone number, employer, business address and telephone number, position or occupation.

6. "Person" means all natural and legal persons, and all individuals and entities of whatever description, including, without limitation, individuals, governmental entities, offices, officials, political parties, associations, joint ventures, corporations, partnerships, trusts, and estates.

7. "Relating to" and "concerning" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing or referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure. These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts, and other communications concerning those events.

**EXHIBIT 1**

8. "Complaint" means the Satanic Temple's First Amended Complaint in this lawsuit, filed March 23, 2023.

9. "The Abortion Clinic" means the Satanic Temple's Abortion Clinic referenced in paragraphs 19-25 of the Complaint.

10. "Abortion-inducing drugs" means mifepristone, misoprostol, or any other prescription drug intended to induce or aid in inducing an abortion, or any combination of such drugs.

11. "Involuntarily pregnant woman" means a woman who meets the criteria laid out in paragraph 12 of the Complaint.

### INSTRUCTIONS

1. You are required to answer the following interrogatories as to all information available to you and to all persons acting on your behalf as your representative, agent, attorney, employee, or investigator.

2. If you object to any interrogatory or to any part of an interrogatory, state the specific nature of the objection and the grounds for such objection. If you are unable to answer any interrogatory for any reason, state with specificity the reason or reasons why you are unable to answer.

3. If you have any objection to any interrogatory or any part of an interrogatory on the basis of confidentiality or privilege, please provide a privilege log identifying the withheld information and the nature of the privilege claimed.

4. To the extent that these interrogatories request information deemed confidential under rule, statute, or court order, you should mark or denote such information as confidential when providing a response.

**EXHIBIT 1**

5.  If, in responding to these interrogatories, you encounter any ambiguity in construing any interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

6.  All interrogatories shall be deemed continuing so as to require supplemental response if further information is obtained between the time of service of the answers and the time of trial. You are under a duty to seasonably amend your responses upon receipt of new, supplemental, or supplanting information, and not to hold such information until the time of trial or settlement.

7.  Unless otherwise noted, the relevant timeframe for the interrogatories is January 1, 2013 to March 23, 2023.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each and every person who answered, or who was consulted or provided information in answering, these interrogatories, and for each such person, identify with specificity the information or other assistance provided in answering these interrogatories.

**RESPONSE:**


**INTERROGATORY NO. 2**: Describe in detail the nature and scope of the services provided by The Abortion Clinic.

**RESPONSE:**

**EXHIBIT 1**

**INTERROGATORY NO. 3**: Identify the number of persons to whom The Abortion Clinic has provided abortion inducing drugs, the type and quantity of such drugs provided, and the location where the drugs were provided during the relevant timeframe.

**RESPONSE:**


**INTERROGATORY NO. 4**: Identify each and every licensed physician employed by or contracted by The Abortion Clinic and in which state or states each identified physician is licensed.

**RESPONSE:**


**INTERROGATORY NO. 5**: Describe in detail the specific expenses to which the money referenced in paragraph 19 of the Complaint was applied.

**RESPONSE:**


**INTERROGATORY NO. 6**:  Identify each and every person from whom you intend to solicit sworn testimony for use as evidence relating to or concerning the existence, identity, status, or factual circumstances surrounding the involuntarily pregnant women referenced in paragraph 10 of the Complaint.

**RESPONSE:**


**INTERROGATORY NO. 7**: Identify each and every involuntarily pregnant member of the Satanic Temple who resides in Indiana whom you believe provides a basis for standing in this matter.

**RESPONSE:**


**EXHIBIT 1**

**INTERROGATORY NO. 8**: Describe in detail the process and requirements for becoming a member of the Satanic Temple.

**RESPONSE:**

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: May 8, 2023             By:    /s/ Aaron M. Ridlen
                                     Aaron M. Ridlen
                                     Deputy Attorney General
                                     Attorney No. 31481-49
                                     *Attorney for Defendants*

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01859-JMS-MG |
| | ) | |
| TODD ROKITA, in his capacity | ) | |
| as Attorney General of Indiana, | ) | |
| and RYAN MEARS, in his | ) | |
| capacity as Marion County | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Defendants, by counsel, Deputy Attorney General Aaron M. Ridlen, and in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submit these requests for production of documents to Plaintiff, to be answered within 30 days or such shorter or longer time as the parties may stipulate.

### DEFINITIONS

1. "Plaintiff," "You," "Plaintiffs," "You," "Your," "Yours," and "Yourself" refer to the party to whom these discovery requests are directed, including but not limited to any agents, representatives, or employees of the party, including, without limitation, Plaintiff's counsel. These words shall not be interpreted to be so limited as to merely be asking for the knowledge of the persons signing on behalf of the party.

2. Unless otherwise defined, all words contained in these requests should be construed in accordance with their ordinary meaning or meanings in the English language.

**EXHIBIT 1**

3.  The singular shall include the plural, and the plural shall include the singular. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.  "And" shall include "or" and "or" shall include "and." "Any" shall include "all" and "all" shall include "any."

4.  Any reference to a non-natural person includes that person's directors, officers, employees, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, subsidiaries, and parent companies, and includes any other person or entity acting on behalf of such non-natural person.

5.  "Document" means any item that is printed, recorded, or reproduced by any hand, mechanical, electronic, or computer process, and any other documents subject to production under Federal Civil Procedure Rule 34.

6.  "Relating to" and "concerning" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing or referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure.  These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts, and other communications concerning those events.

7.  "Complaint" means the Satanic Temple's First Amended Complaint in this lawsuit, filed March 23, 2023.

8.  "The Abortion Clinic" means the Satanic Temple's Abortion Clinic referenced in paragraphs 19-25 of the Complaint.

**EXHIBIT 1**

## INSTRUCTIONS

1.  Materials responsive to these requests must be produced within 30 days of service, or such shorter time as the parties may stipulate, according to Federal Rule of Civil Procedure 34 (b)(2). These requests shall be deemed continuing so as to require supplemental response if further information is obtained between the time of service of the answers and the time of trial. You are under a duty to seasonably amend your responses upon receipt of new, supplemental, or supplanting information, and not to hold such information until the time of trial or settlement.

2.  These requests encompass all documents, items, and information within your possession, custody, or control, or to which you have access.

3.  The documents shall be produced in an organized and orderly manner and labeled to correspond to the numbers of the requests. For each request, identify with specificity which documents are produced in response thereto.

4.  If you have any objection to any Request or any part of a Request, state the specific nature of the objection and whether it applies to the entire Request or to part of the Request. If there is an objection to any part of a Request, then the part objected to shall be identified and documents responsive to the remaining unobjectionable part shall be produced.

5.  If you refuse to produce any document on the grounds that the document is privileged or otherwise protected from discovery, provide with respect to each such document:

    a.  A description of the document, including the type of document, date of the document, number of pages of the document, and the general nature of the document's contents;

    b.  The identity of the person who prepared the document;

**EXHIBIT 1**

     c.   The identity of each person who has read the document or to whom the document was circulated; and

     d.   A statement of the grounds on which the claim of privilege or right to withhold is based.

6.   To the extent a requested document contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the document produced. If you redact privileged information from a document, provide with respect to each redaction the general nature of the redacted contents and a statement of the grounds on which the claim of privilege or right to withhold is based.

7.   To the extent that these requests for production request information deemed confidential under rule, statute, or court order, you should mark or denote such information as confidential when providing a response.

8.   If no documents exist that are responsive to a request, or part of a request, state so in writing.

9.   If, in responding to these requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

10.  If you are unable to produce a requested document, please state with specificity the reasons why you are unable to produce the requested document.

11.  Unless otherwise noted, the relevant timeframe for these requests is January 1, 2013 to March 23, 2023.

**EXHIBIT 1**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1** Provide true and accurate copies of all documents described or identified in any of your Interrogatory responses.

**RESPONSE:**

**REQUEST NO. 2** Provide true and accurate copies of all documents created, published, or distributed by The Satanic Temple or The Abortion Clinic that describe the nature or scope of the services provided by The Abortion Clinic.

**RESPONSE:**

**REQUEST NO. 3** Provide true and accurate copies of all documents relating to becoming a member of The Satanic Temple, including membership applications, informational materials, documented policies, and forms provided to members and potential members.

**RESPONSE:**

**REQUEST NO. 4** Provide true and accurate copies of all internal policies relating to membership in The Satanic Temple.

**RESPONSE:**

**REQUEST NO. 5** Provide true and accurate copies of all financial records and other documents showing the specific expenses to which the money referenced in paragraph 10 of the Complaint was applied.

**RESPONSE:**

**EXHIBIT 1**

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: May 8, 2023          By:    /s/ Aaron M. Ridlen
                                  Aaron M. Ridlen
                                  Deputy Attorney General
                                  Attorney No. 31481-49
                                  *Attorney for Defendants*

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01859-JMS-MG |
| | ) | |
| TODD ROKITA, in his capacity | ) | |
| as Attorney General of Indiana, | ) | |
| and RYAN MEARS, in his | ) | |
| capacity as Marion County | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

Defendants, by counsel, Deputy Attorney General Aaron M. Ridlen, and in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby submit these requests for admissions to Plaintiffs, to be answered within 30 days or such shorter or longer time as the parties may stipulate.

### DEFINITIONS

1. "Plaintiff," "You," "Plaintiffs," "You," "Your," "Yours," and "Yourself" refer to the party to whom these discovery requests are directed, including but not limited to any agents, representatives, or employees of the party, including, without limitation, Plaintiff's counsel. These words shall not be interpreted to be so limited as to merely be asking for the knowledge of the persons signing on behalf of the party.

2. Unless otherwise defined, all words contained in the Requests for Admission should be construed in accordance with their ordinary meaning or meanings in the English language.

**EXHIBIT 1**

3. The singular shall include the plural, and the plural shall include the singular. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive. "And" shall include "or" and "or" shall include "and." "Any" shall include "all" and "all" shall include "any."

4. "Complaint" means the Satanic Temple's First Amended Complaint in this lawsuit, filed March 23, 2023.

5. "The Abortion Clinic" means the Satanic Temple's Abortion Clinic referenced in paragraphs 19-25 of the Complaint.

6. "Abortion-inducing drugs" means mifepristone, misoprostol, or any other prescription drug intended to induce or aid in inducing an abortion, or any combination of such drugs.

## INSTRUCTIONS

1. If you object to or otherwise decline to respond to any portion of these requests, you are to provide reasons for each such objection, and shall specifically deny the matter or set forth in detail the reason or reasons why you cannot truthfully admit or deny the matter. In accordance with Fed. R. Civ. P. 36(a)(4), each denial shall fairly meet the substance of the requested admission, and when good faith requires you to qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

2. These requests shall be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) unless, within 30 days after service, you serve a written answer or objection addressed to the matter, signed by you or by your attorney, and, if objections are made, the reasons for any such objections.

**EXHIBIT 1**

3. All requests shall be deemed continuing so as to require supplemental response if further information is obtained between the time of service of the answers and the time of trial. You are under a duty to seasonably amend your responses upon receipt of new, supplemental, or supplanting information, and not to hold such information until the time of trial or settlement.

4. You are required to answer as to all information available to you and to all persons acting on your behalf as your representative, agent, attorney, employee, or investigator.

5. Unless otherwise noted, the relevant timeframe for the requests is January 1, 2013 to March 23, 2023.

## REQUESTS FOR ADMISSION

Defendants request the Plaintiff admit the following facts as true:

**REQUEST NO. 1**: The Abortion Clinic is located in New Mexico.

**RESPONSE:**


**REQUEST NO. 2**: The Abortion Clinic has never been licensed as an abortion clinic in Indiana under 410 IAC 26-2.

**RESPONSE:**


**REQUEST NO. 3**: The Satanic Temple does not presently intend to seek an Indiana license for the Abortion Clinic under 410 IAC 26-2.

**RESPONSE:**


**EXHIBIT 1**

**REQUEST NO. 4**: The Satanic Temple has not taken any steps to physically locate an abortion clinic in Indiana.

**RESPONSE:**

**REQUEST NO. 5**: The Satanic Temple does not presently intend to physically locate an abortion clinic in Indiana.

**RESPONSE:**

**REQUEST NO. 6**: As of the date of the responses to these requests, The Abortion Clinic does not employ any physicians who are licensed to practice medicine in Indiana.

**RESPONSE:**

**REQUEST NO. 7:** The Abortion Clinic has never provided abortion inducing drugs to a person then-residing in Indiana.

**RESPONSE:**

**REQUEST NO. 8:** The Abortion Clinic does not provide in-person services to patients at a physical clinic anywhere in the United States.

**RESPONSE:**

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: May 8, 2023          By:      /s/ Aaron M. Ridlen

**EXHIBIT 1**

Aaron M. Ridlen
Deputy Attorney General
Attorney No. 31481-49
*Attorney for Defendants*

**EXHIBIT 1**