**EXHIBIT D**



ATTORNEY GENERAL OF MISSOURI

ANDREW BAILEY

February 1, 2023

Danielle Gray, Executive Vice President
Walgreens Boots Alliance, Inc.
108 Wilmot Road
Deerfield, IL 60015

Dear Ms. Gray:

 Following your company's recent announcement that it plans to obtain and sell abortion pills using the mail,[1] we write to advise you of the current law in this changing legal landscape. We know your company intends to comply with the law, and we know that duty requires a heavy lift for a nationwide company like yours that must keep apprised not only of federal law, but also of the laws of the various states. As the principal legal and law enforcement officers of our 20 states, we offer you these thoughts on the current legal landscape.

 First, many people are not aware that federal law expressly prohibits using the mail to send or receive any drug that will "be used or applied for producing abortion." 18 U.S.C. § 1461. Although many people are unfamiliar with this statute because it has not been amended in a few decades, the text could not be clearer: "*every* article or thing designed, adapted, or intended for producing abortion … shall not be conveyed in the mails." And anyone who "knowingly takes any such thing from the mails for the purpose of circulating" is guilty of a federal crime. Obviously, a federal criminal law—especially one that is, as here, enforceable through a private right of action—deserves serious contemplation.

 In December, the Biden administration's Office of Legal Counsel encouraged the U.S. Postal Service to disregard this plain text.[2] But the text, not the Biden administration's view, is what governs. And the Biden administration's opinion fails to stand up even to the slightest amount of scrutiny.

---

[1] *CVS and Walgreens Plan to Offer Abortion Pills Where Abortion Is Legal*, N.Y. Times (Jan. 5, 2023), https://www.nytimes.com/2023/01/05/health/abortion-pills-cvs-walgreens.html.
[2] 46 Op. O.L.C. ___, at 1-2 (Dec. 23, 2022) (slip op.), https://www.justice.gov/olc/opinion/file/1560596/download.

**Supreme Court Building**
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3321
Fax: (573) 751-0774
www.ago.mo.gov

The Biden administration's opinion *admits* that the plain text of § 1461 prohibits using the mail to send or receive any drug that will be used for abortion. Op. at 6 ("'the letter of the statute would cover all acts'"). But then the Biden administration argues that the text should not be "'[t]aken literally.'" *Id*. Marshalling a series of increasingly strange antitextual arguments, the opinion concludes that § 1461—contrary to its plain text—should be read to prohibit distributing abortion pills through the mail *only* when the mailer or recipient specifically intends that the pill be used in violation of other laws. Op. at 1.

We reject the Biden administration's bizarre interpretation, and we expect courts will as well. Courts do not lightly ignore the plain text of statutes. And the Supreme Court has been openly aversive to other attempts by the Biden administration to press antitextual arguments. *E.g.*, *Alabama Ass'n of Realtors v. Dep't of Health and Human Servs.*, 141 S.Ct. 2485, 2486 (2021) ("strains credulity"); *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021) ("sleight of hand"). A future U.S. Attorney General will almost certainly reject the Biden administration's results-oriented, strained reading. And consequences for accepting the Biden administration's reading could come far sooner. Section 1461 can be enforced not only by the U.S. Attorney General, but also through civil litigation by State Attorneys General and private parties under § 1964(c).

Second, like federal law, the laws of many states also prohibit using the mail to send or receive abortion drugs. In Missouri, for example, it is unlawful to distribute an abortion drug through the mail. Mo. Rev. Stat. § 188.021.1; *see also, e.g.*, Ind. Code § 16–34–2–1. Missouri law also prohibits unfair or deceptive trade practices—and trade practices that violate federal law necessarily are unfair and deceptive. *Id*. § 407.020.1.

These state laws reflect not only our commitment to protecting the lives and dignity of children, but also of women. Abortion pills are far riskier than surgical abortions, according to established scientific consensus: "Medication abortions were 5.96 times as likely to result in a complication as first-trimester aspiration abortions."[3] Abortion pills carry the added risk that when these heightened complications invariably occur, women suffer those harms at home, away from medical help. And finally, mail-order abortion pills also invite the horror of an increase in coerced abortions. When abortion drugs are mailed or consumed outside a regulated medical facility, the risk of coercion is much higher—indeed, guaranteed—because there is no oversight. Outside the regulated medical context, a person can obtain an abortion pill quite easily and then coerce a woman into taking it.

---

[3] Upadhyay, et al., *Incidence of Emergency Department Visits and Complications After Abortion*, Obstet. Gynecol. 2015 Jan.; 125:175, 181, https://www.ansirh.org/sites/default/files/publications/files/upadhyay-jan15-incidence_of_emergency_department_visits.pdf (parenthetical omitted).

  We emphasize that it is our responsibility as State Attorneys General to uphold the law and protect the health, safety, and well-being of women and unborn children in our states. Part of that responsibility includes ensuring that companies like yours are fully informed of the law so that harm does not come to our citizens.

  Please do not hesitate to contact our offices if you have any questions or would like to make any assurances about your compliance with the federal law and the laws of our respective states.

                    Sincerely,

Andrew Bailey  
Missouri Attorney General

Steve Marshall  
Alabama Attorney General

Treg Taylor  
Alaska Attorney General

Tim Griffin  
Arkansas Attorney General

Ashley Moody  
Florida Attorney General

Chris Carr  
Georgia Attorney General

Todd Rokita
Indiana Attorney General

Brenna Bird
Iowa Attorney General

Daniel Cameron
Kentucky Attorney General

Jeff Landry
Louisiana Attorney General

Lynn Fitch
Mississippi Attorney General

Austin Knudsen
Montana Attorney General

Drew Wrigley
North Dakota Attorney General

Dave Yost
Ohio Attorney General

Gentner F. Drummond
Oklahoma Attorney General

Alan Wilson
South Carolina Attorney General

Marty Jackley
South Dakota Attorney General

Ken Paxton
Texas Attorney General

Page **5** of **5**

Sean D. Reyes
Utah Attorney General

Patrick Morrisey
West Virginia Attorney General