UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:22-cv-01859-JMS-MG |
| ) | |
| TODD ROKITA, *in his capacity as the Attorney General of Indiana,* and RYAN MEARS, *in his capacity as the Marion County Prosecutor,* ) ) ) ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Plaintiff, the Satanic Temple Inc., seeks injunctive and declaratory relief that Ind. Code § 16-34-2-7(a) violates the Fifth, Thirteenth, and Fourteenth Amendments and the Indiana Religious Freedom Restoration Act ("RFRA"), Ind. Code § 34-13-9-1 *et seq*. [Filing No. 21.] Defendants Attorney General Todd Rokita and Prosecutor Ryan Mears have filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). [Filing No. 36.] While Defendants' Motion has been fully briefed for the Court's review, [Filing No. 44; Filing No. 51], the Court request additional briefing from the parties as explained further below.

Defendants argue that the Satanic Temple's claims should be dismissed for three reasons: (1) the Satanic Temple has not pled facts sufficient to confer standing; (2) the Satanic Temple fails to state a cognizable legal claim, and (3) the Satanic Temple "impermissibly seeks to pursue state-law claims against state officials in federal court." [Filing No. 37.] Before turning to the sufficiency of the Satanic Temple's claims, the Court must first ensure that the Satanic Temple has standing to bring its claims. *Biden v. Nebraska*, —— U. S. ——, 143 S.Ct. 2355, 2365 (2023). Under Article III of the Constitution, a plaintiff needs to have a "personal stake" in the outcome of a case, which requires that: (1) the plaintiff suffered an injury in fact that is concrete, particularized,

1

and actual or imminent; (2) the injury was likely caused by the defendant; and (3) the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez,* —— U. S. ——, 141 S.Ct. 2190, 2203 (2021) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. at 560).

During the pendency of Defendants' Motion, the Supreme Court provided additional guidance regarding the injury-in-fact element for Article III standing in *Biden,* 143 S.Ct. 2355 and *303 Creative LLC v. Elenis,* —— U. S. ——, 143 S.Ct. 2298, 2308 (2023), and additional guidance regarding organizational standing in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.,* —— U. S. ——, 143 S.Ct. 2141, 2157–59 (2023). In order to allow the parties an opportunity to respond to this precedent and explain what impact, if any, it has on the present case, the Court **ORDERS** additional briefing from the parties as follows:

- Defendants shall have until **August 8, 2023** to address the Supreme Court's recent standing guidance. Defendants' brief is limited to no more than **10 pages**. No issues outside the scope of this Order may be raised, and any extraneous material may be struck.
- The Satanic Temple shall have until **August 22, 2023** and no more than **10 pages** to respond.
- Defendants shall have until **August 29, 2023** and no more than **5 pages** to reply.
- Defendants' Motion to Dismiss, [36], **REMAINS PENDING**.

Date: 7/26/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**