## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| THE SATANIC TEMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01859-JMS-MG |
| | ) |
| TODD ROKITA, in his capacity | ) |
| as Attorney General of Indiana, | ) |
| and RYAN MEARS, in his | ) |
| capacity as Marion County | ) |
| Prosecutor, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S SUPPLEMENTAL BRIEFING

Pursuant to this Court's order dated July 26, 2023, Dkt. 53, Defendants respectfully submit this supplemental brief addressing the relevance of recent Supreme Court rulings for The Satanic Temple's standing to bring suit in its own right and on behalf of unidentified members.

**I.**    ***Biden v. Nebraska* does not excuse The Satanic Temple's failure to plead an injury in fact traceable to enforcement of the challenged statute**

In *Biden v. Nebraska*, the Supreme Court reiterated the requirement that a "plaintiff must have suffered an injury in fact—a concrete and imminent harm to a legally protected interest, like property or money—that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." 143 S. Ct. 2355, 2365 (2023). It held that the State of Missouri had standing to challenge the federal government's cancelation of $430 billion in student debt because the plan would "cost[]" the Missouri Higher Education Loan Authority (MOHELA), a state-created

corporation, about "$44 million a year in fees." *Id.* at 2365–66. Although the federal government argued that the financial injury its debt-cancelation plan would inflict on MOHELA did not constitute an injury to Missouri, the Court held that MOHELA was, "[b]y law and function," an "instrumentality of Missouri." *Id.* at 2366.

The situation here is different. In this case, The Satanic Temple seeks to assert a claim in its own right against "Indiana Code § 16-34-2-1" for making "the act of aborting an unborn child a crime except in [four specific] cases." Amend. Compl. at 4, Dkt. 21. But The Satanic Temple cannot show any actual or imminent injury from the challenged statute because it has never provided abortions in Indiana, does not have the facility or staff to provide them, and has not identified a single woman who would like an abortion from The Satanic Temple. Dkt. 51 at 2. That stands in sharp contrast to the $44 million that Missouri would lose under the program it challenged. Far from abrogating the rule that a failure to identify a "concrete," "imminent" injury forecloses standing, *Biden* reiterates it. 143 S. Ct. at 2363.

In *Biden*, moreover, the Supreme Court reiterated that an injury must be "fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." 143 S. Ct. at 2363. As a companion case decided the same day as *Biden* makes clear, that means a plaintiff must demonstrate that holding the challenged action unlawful would "solve th[e alleged] problem." *Dep't of Educ. v. Brown*, 143 S. Ct. 2343, 2355 (2023). But declaring the challenged statutory provision—Indiana's prohibition on making "the act of aborting an unborn child a crime except in [four specific] cases," Amend. Compl. at 4, Dkt. 21—would not solve The Satanic Temple's problem. Both

2

Indiana law and federal law would still prohibit it from offering telehealth abortions using providers not credentialed to practice in Indiana. *See* Dkt. 51 at 2–3.

## II.  *303 Creative v. Elenis* does not permit suit when independent, unchallenged statutes preclude a proposed course of conduct

In *303 Creative v. Elenis*, the Supreme Court ruled for Lorie Smith in a First Amendment challenge to Colorado's Anti-Discrimination Act, which she argued compelled her to engage in objectionable speech. 143 S. Ct. 2298 (2023). Although Colorado had not yet taken enforcement action against Smith, the Tenth Circuit held that Smith had standing based on a "credible fear of prosecution." *303 Creative v. Elenis*, 6 F.4th 1160, 1173 (10th Cir. 2021). The Tenth Circuit was "satisfied that [she] ha[d] shown an intention to engage in a course of conduct arguably affected with a constitutional interest." *Id.* at 1172. And it concluded that Colorado was sufficiently likely to enforce the statute against Smith for engaging in prohibited conduct, observing that "Colorado has a history of past enforcement against nearly identical conduct," that private persons could enforce the statute against Smith, and that "Colorado declines to disavow future enforcement." *Id.* at 1174. When the case reached the Supreme Court "no party challenge[d]" the Tenth Circuit's conclusions. 143 S. Ct. at 2310. So the Supreme Court did not analyze the issue further.

To the extent that *303 Creative* establishes anything regarding standing, it does not aid The Satanic Temple. The Satanic Temple bases its standing on its virtual abortion clinic based in New Mexico. Amend. Compl. at 5, Dkt. 21. The problem for The Satanic Temple is that succeeding in its challenge would not make its business model legal. Even before the passage of S.B. 1, The Satanic Temple's abortion by mail

business model would have run afoul of in-person dispensing requirements, licensure laws, waiting periods, informed consent statutes, and other regulations meant to protect the health and safety of women seeking abortions. *See* Def's Reply in Support of Mot. to Dismiss, Dkt. 51 at 2–3. Such laws have been upheld as constitutional by courts across the United States. *See Planned Parenthood of Se. Penn. v. Casey,* 505 U.S. 833, (1992), *overruled by Dobbs v. Jackson Women's Health Org.,* 142 S. Ct. 2228 (2022); *Bristol Reg'l Women's Ctr., P.C. v. Slatery,* 7 F.4th 478, 481 (6th Cir. 2021); *Karlin v. Foust*, 188 F.3d 446 (7th Cir. 1999). In this case, however, The Satanic Temple does not challenge the state and federal laws that would prohibit it from dispensing abortion drugs by mail. It challenges Indiana's prohibition on making "the act of aborting an unborn child a crime except in [four specific] cases." Amend. Compl. at 4, Dkt. 21. So any injury is not traceable to what The Satanic Temple challenges and cannot be redressed by this Court.

Moreover, as The Satanic Temple's admissions show, The Satanic Temple never had any intention of complying with Indiana's unchallenged health and safety regulations. [Filing No. 50-1 at 1–2]. The Satanic Temple does not even allege that it employs a medical provider who can legally prescribe or dispense *any* drugs by telemedicine to women in Indiana under telemedicine laws. Def's Reply in Support of Mot. to Dismiss, Dkt. 51 at 2. Those independent legal barriers distinguish this case from *303 Creative* in which Smith had the ability and intention to engage in conduct that would be legal but for the challenged statute. Thus, The Satanic Temple lacks standing to assert its claims.

4

III.  **Students for Fair Admission, Inc. v. President and Fellows of Harvard College reinforces that The Satanic Temple lacks organizational standing**

In addition to claiming standing in its own right, The Satanic Temple alleges that it has organizational standing as a representative of involuntarily pregnant members. Amend. Compl. at 3, Dkt. 21. In *Students for Fair Admission, Inc. v. President and Fellows of Harvard College*, the Supreme Court observed that organizational standing requires an organization to satisfy three requirements. 143 S. Ct. 2141, 2157–59 (2023). A plaintiff must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington St. Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977). The Court observed that it was undisputed that Students for Fair Admissions satisfied those factors. 143 S. Ct. at 2158.

Instead, citing *Hunt*, Harvard argued that Students for Fair Admissions was not a genuine membership organization capable of invoking organizational standing because it was not "controlled and funded by [its] members." 143 S. Ct. at 2158. The Court disagreed. It found significant that Students for Fair Admissions was a "voluntary membership organization with *identifiable* members"—"four" of whom filed declarations stating that they "voluntarily joined SFFA; they support its mission; they receive updates about the status of the case from SFFA's President; and they have had the opportunity to have input and direction on SFFA's case." *Id.* (emphasis added). The Court thus held that, where "an organization has identified

5

members and represents them in good faith, our cases do not require further scrutiny into how the organization operates." *Id.* at 2158–59.

*Students for Fair Admissions* reinforces that The Satanic Temple lacks organizational standing here. First, as the decision observes, a plaintiff asserting organizational standing must show "its members would otherwise have standing to sue in their own right." 143 S. Ct. at 2157 (quoting *Hunt*, 432 U.S. at 343). Here, however, The Satanic Temple has not shown any member has standing to sue—or is even aware of this lawsuit's existence. It has not identified a single member in Indiana who desires an abortion but cannot obtain one solely because of S.B. 1. It instead has relied on speculative statistical analysis conducted by an unqualified "expert" that does not even purport to take S.B. 1's exceptions into account. *See* Dkt. 51 at 4–6. As the Supreme Court held in *Summers v. Earth Island Inst.*, 555 U.S. 448, 493 (2009), reliance on that sort of "statistical probability" is insufficient.

Nothing in *Students for Fair Admissions* holds otherwise. To the contrary, it emphasizes that the organization there had "identified" its members, sued on behalf of "four members in particular," "filed declarations" from them, updated them about the case, and gave them "the opportunity to have input and direction" on the case. 143 S. Ct. at 2158. The Satanic Temple has done none of that here. It has not identified its members, sued on behalf of particular members, filed declarations from them, or given them an opportunity to direct the course of the litigation. The Satanic Temple cannot show that it "has identified members and represents them in good faith," much less that unidentified members have standing to sue. *Id.*

Second, organizational standing is appropriate only where "neither the claim asserted nor the relief requested requires the participation of individual members." 143 S. Ct. at 2157 (quoting *Hunt*, 432 U.S. at 343). In *Students for Fair Admissions*, it was undisputed that the plaintiff organization satisfied that requirement. *See id.* at 2158. Here, however, The Satanic Temple asserts a RFRA claim on behalf of its members (which it belatedly seeks to recast as a First Amendment claim). As the Supreme Court has held, the "participation of individual members" is "essential to a proper understanding and resolution" of "free exercise claims." *Harris v. McRae*, 448 U.S. 297, 321 (1980). So organizational standing is not appropriate for that claim.

## CONCLUSION

The Court should dismiss the case for lack of standing.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: August 8, 2023        By:    Aaron M. Ridlen
Deputy Attorney General
Attorney No. 31481-49

Christopher M. Anderson
Deputy Attorney General
Attorney No. 31870-49

Rebekah P. Durham
Deputy Attorney General
Attorney No. 37840-49

Thomas M. Fisher
Solicitor General
Attorney No. 17949-49

James Barta
Deputy Solicitor General
Attorney No. 31589-49

Melinda Holmes
Deputy Attorney General
Attorney No. 36851-79

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
302 West Washington Street – IGCS – 5th Floor
Indianapolis, IN  46204-2770
Telephone:  (317) 232-2826
Facsimile:  (317) 232-7979
E-mail:  Aaron.Ridlen@atg.in.gov