UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

THE SATANIC TEMPLE, INC.

    Plaintiff

v.

TODD ROKITA, in his
capacity as the Attorney General of
Indiana and
RYAN MEARS, in his capacity as
Marion County Prosecutor

    Defendants

Case No. 1:22-cv-1859-JMS-MG

**Plaintiff's Memorandum Regarding U.S. Supreme Court Standing Cases**

**I.    Introduction**

The decisions of the U.S. Supreme Court on standing in *Biden v. Nebraska*, __U. S. __, 143 S.Ct. 2355 (2023) ("*Biden*"), *303 Creative, LLC v. Elenis*, ___U. S. ___, 143 S.Ct. 2298 (2023), ("*303 Creative*"); and *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, ___U. S.___, 143 S.Ct. 2141 (2023) ("*Students for Fair Admissions*") support the standing of Plaintiff The Satanic Temple ("TST") to make the claims in this action. All of these decisions reiterate some standing principles that are well established and previously briefed, e.g., TST has to show injury in fact. This memorandum addresses the new aspects of these decisions that pertain directly to this case and responds to Defendants' arguments.

**II.    *Biden* Supports TST's Standing.**

*Biden* held the proposed forgiveness of federal student loans (the "Program") caused injury in fact to MOHELA, a nonprofit government corporation created by Missouri to participate in the student loan market. The purpose of MOHELA is to "fund education in

1

Missouri" and it relies in part on the revenues generated by servicing federal student loans to fulfill that purpose.  The Program would reduce those revenues and jeopardize that mission.

The Court said the state of Missouri had standing to challenge the Program because it "harms MOHELA in the performance of its public function." Biden at *17.  The Court said the injury to MOHELA's public function was caused by the loss of revenues which, in turn, impaired MOHELA's efforts to aid Missouri college students. Biden at *14.  It was this diminished functionality of MOHELA – not the lost revenue itself – that caused injury in fact to the State of Missouri.  The State of Missouri itself did not suffer diminished revenues.

Like MOHELA, TST is a non-profit corporation created for a specific purpose.  TST's purpose is to promote The Satanic Tenets in general and Tenet III in particular – one's body is inviolable, subject to one's own will alone – by delivering Abortifacients to its members.  Money is required to fulfill that purpose but turning a profit is not the mission itself.

The Indiana Abortion Ban and related statutory penalties on TST's Telemedicine Model (the "Related Civil Penalties") impair TST's mission in Indiana because they make the delivery of Abortifacients to Indiana TST members illegal.[1]  This is a far more severe and direct injury then if the State of Indiana had cut off a revenue stream for TST.

Under *Biden*, the State of Missouri had standing to challenge a federal program that impedes its purpose to educate its citizens.  TST likewise has standing to challenge a state law

---

[1] The Indiana Abortion Ban criminalizes the provision of an abortion using the TST Telemedicine Model. Related Civil Penalties subject TST to civil liability, and its medical professionals to disciplinary sanctions, if the TST Clinic provides abortions in Indiana using the Telemedicine Model. See Indiana Code §§ 16-34-1-11 (ban on telehealth), 16-34-2-1.1 (18 hour waiting period), 16-34-2-1.5 (informed consent brochures), 16-34-2-2 (perform medical exams and tests and disciplinary action), 16-34-2-4 (parental consent for minors), 26-34-2-4.2 (civil liability) and 16-34-2-4.5 (physician admitting privileges).

that makes the promotion of its mission to provide medical services to its members in Indiana a crime.

Contrary to the Court's order, ECF No. 53, Defendants briefed *Dep't of Education v. Brown*, 143 S.Ct. 2343 (2023) in further support of their argument that striking down the Indiana Abortion Ban will not provide TST the redress necessary for standing. Defendants repeat their assertion that even if the Court struck down Indiana Code § 16-34-2-1 in its entirety, TST will still be precluded from providing Medical Abortions in Indiana because "Indiana law and federal law would still prohibit TST from offering telehealth abortions using providers not credentialed to practice in Indiana." See Defendant's Supplemental Briefing ("Defendants' Brief"), ECF No. 56 at pp. 2-3.[2]

The First Amended Complaint alleges at ¶23, "[t]he TST Clinic will provide Medical Abortions to TST members in Indiana, provided it can do so lawfully." ECF No 21. TST seeks "an order permanently enjoining Defendants from enforcing the Indiana Abortion Ban against TST for the provision of Medical Abortions in Indiana." This encompasses all of the restrictions on Medical Abortions that preclude TST from achieving its mission in Indiana, including but not limited to the criminal penalties imposed by the Indiana Abortion Ban. It also includes the civil penalties imposed by the Related Civil Penalties that have the same effect. If the Court requires more specificity for the relief sought by TST, then TST respectfully requests leave to amend the complaint to ask for an order enjoining any and all Indiana laws that interfere with TST's mission of delivering Medical Abortions to TST members in Indiana.

---

[2] Defendants go on the argue the constitutionality of the Related Civil Penalties. See Defendant's Brief at p. 4. The Related Civil Penalties are unconstitutional for the same reasons as the Indiana Abortion Ban itself. They delay a woman's right to exclude a zygote from her uterus thus causing a taking of her property and placing her into involuntary servitude.

3

### III.     *303 Creative* Supports TST's Standing.

In 303 *Creative*, the U.S. Supreme Court upheld the finding of the Tenth Circuit that Appellant Lorie Smith has standing to challenge the Colorado Anti-Discrimination Act ("CADA") because she had "established a credible threat that, if she follows through on her plans to offer wedding website services [that exclude same sex couples], Colorado will invoke CADA to force her to create speech she does not believe or endorse." *303 Creative.* at *11, citing *303 Creative, LLC v. Elenis*, 6 F.4th 1160, 1172-75 (10th Cir. 2021) ("*Tenth Circuit Decision*"). Citing *List v. Driehaus*, 573 U.S. 149 (2014) ("*List*") and *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082 (10th Cir. 2006) (en banc) ("*Walker*"), the *Tenth Circuit Decision* held:

> Appellants' potential liability is inherent in the manner they intend to operate— excluding customers who celebrate same-sex marriages. Thus, Appellants are rightfully wary of offering wedding-related services and may challenge CADA as chilling their speech. *See* [*List*] at 163, 134 S.Ct. 2334 ("Nothing in this Court's decisions require a plaintiff who wishes to challenge the constitutionality of a law to confess that he will in fact violate that law."). *See also Walker*, 450 F.3d at 1089 (pre-enforcement plaintiff need not show "a present intention to engage in [proscribed] speech at a specific time in the future").

The liability of TST, like that of Lorie Smith, is inherent in providing its intended services. And like Lorie Smith, TST's proffered services are intertwined with and an expression of its religious beliefs. Thus, TST does not need to confess that it will definitively commit a crime in Indiana at a specific point in time to have standing to challenge the Indiana Abortion Ban. The chilling effect of the Indiana Abortion Ban on TST's promotion of Tenet III and The Satanic Abortion Ritual is sufficient injury in fact for purposes of standing.

Defendants argue that unlike Lori Smith, TST "never had any intention of complying with Indiana's unchallenged health and safety regulations." Defendant's Brief at p. 4. Defendants point to TST's answers to their Requests for Admission that show TST has neither the physician nor local

facilities that comply with current Indiana law for providing Medical Abortions in Indiana. See ECF No. 50-1.

However, like Lori Smith, TST has all of the tools and personnel at its disposal necessary to provide its services in Indiana safely and in accordance with federal law. The only impediment to doing so is the fear of prosecution for violating the Indiana Abortion Ban. See Declaration of Erin Helian, ECF No. 44-1 at ¶¶ 25 and 26.

Defendants are skeptical about TST's assertion that there will be demand for its Medical Abortions in Indiana. See Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 51 p. (TST is "required to show that [it has] members [who] wished to obtain an abortion and could not legally obtain one. Plaintiff has not even tried to show these things. A woman's pregnancy and her desire to terminate it are subjective experiences that vary widely from woman to woman, and Plaintiff cannot simply assume that all its female members are seeking abortions.").

The Court summarily disposed of this objection in the *Tenth Circuit Decision*:

> Contrary to Colorado's assertion, Appellants' fears do not "rest[ ] on guesswork" or "a highly attenuated chain of possibilities." Colorado's Br. at 29. If anything, it is Colorado that invites this court to speculate. Assuming Appellants offer wedding-related services to the public as they say they will, there is no reason to then conclude that Appellants will fail to attract customers. Nor is there reason to conclude that only customers celebrating opposite-sex marriages will request Appellants' services. In short, we find nothing "imaginary or speculative" about Appellants' apprehensions that they may violate CADA if they offer wedding-based services in the manner that they intend.

Id at 1173

Moreover, as the Court noted in *303 Creative at \*3*, the facts that the state had threatened enforcement of CADA against other actors and not expressly disclaimed an intent to enforce CADA against Lorie Smith establish a credible fear of prosecution. The State of Indiana warned

Walgreens about the legal risks it incurs by delivering Mifeprestone into Indiana by mail. ECF No. 45-4.  In response, Walgreens stopped delivering Mifeprestone by mail to Indiana residents.[3]

There is no reason to believe TST members in Indiana would not avail themselves of the services of the TST Clinic if they could lawfully do so.  The State of Indiana has already bullied Walgreens into complying with its position that mailed delivery of Mifeprestone in Indiana is illegal.  Defendants have not explicitly foresworn prosecuting TST if it starts delivering Abortifacients in Indiana. TST's fears of prosecution for violating the Indiana Abortion Ban and restrictions on Medical Abortions are neither imaginative nor speculative.

### IV.    *Students for Fair Admissions* Supports TST Standing.

In *Students for Fair Admissions*, the U.S. Supreme Court rejected the argument that Students for Fair Admissions ("SFA"), a non-profit organization, was not controlled and funded by its members and therefore did not have standing as an organization pursuant to *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).  The Court said SFA is "indisputably a voluntary membership organization with identifiable members" and "[w]here, as here, an organization has identified members and represents them in good faith, our cases do not require further scrutiny into how the organization operates." *Students for Fair Admissions.* at *17.

TST has identifiable members who have a First Amendment right to remain anonymous. Plaintiff's Opposition at pp. 19-20.  There is no evidence TST is not representing its members in good faith.  Moreover, TST's operation qualifies as an "organization" by virtue of the involvement of its members in its programs and funding.  See Plaintiff's Opposition at ftnt. 12.

---

[3] https://www.cbsnews.com/news/walgreens-mifepristone-abortion-pills-mail/ last visited August 20, 2023.

Nothing in *Students for Fair Admissions* supports Defendants argument that TST's members have to identify themselves by name as the price for admission to litigate their claims in a federal court.  See Defendants' Brief at p. 6.

### V.     Conclusion.

For the reasons set forth above and in Plaintiff's Opposition Brief, TST respectfully requests the motion to dismiss be denied.

August 21, 2023

*W. James Mac Naughton*
W. James Mac Naughton, Esq.
7 Fredon Marksboro Road
Newton, NJ 07860
wjm@wjmesq.com
*Attorney for Plaintiff The Satanic Temple*
