**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| THE SATANIC TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01859-JMS-MG |
| | ) | |
| TODD ROKITA, in his capacity | ) | |
| as Attorney General of Indiana, | ) | |
| and RYAN MEARS, in his | ) | |
| capacity as Marion County | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO RESPOND**

Defendants, by counsel, hereby move this Court to accept Defendants'
response, attached herein, to The Satanic Temple's Letter to the Court submitting
supplemental authority, Dkt. No. 61. In support of their Motion, Defendants state as
follows:

1. The Satanic Temple filed a letter addressed to Judge Magnus-Stinson on
   August 31, 2023. Dkt. No. 61.

2. The Satanic Temple's letter directed the Court to a district court case from the
   Southern District of West Virginia in which a manufacturer of mifepristone
   brought a lawsuit over West Virginia's abortion laws. The letter then argued
   that The Satanic Temple has standing in the instant case because Indiana's
   telemedicine laws were pre-empted by FDA regulation of mifepristone.

3. There is no rule governing the submission of supplemental authority outside of designated briefing schedules in federal district court.

4. Fed. R. App. P. 28(j) permits parties under the federal appellate rules to "promptly advise the circuit clerk by letter" when "pertinent and significant authorities come to a party's attention after the party's brief has been filed." Rule 28(j) contemplates a response to such a letter and provides that such a response be "made promptly."

5. Defendants are submitting this response within one week of The Satanic Temple filing its Letter to the Court.

WHEREFORE, Defendants respectfully request that the Court accept and consider the attached response to the extent that the Court chooses to accept and consider The Satanic Temple's Letter to the Court.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: <u>September 6, 2023</u>      By:    Aaron M. Ridlen
                                           Deputy Attorney General
                                           Attorney No. 31481-49

                                           Christopher M. Anderson
                                           Deputy Attorney General
                                           Attorney No. 31870-49

                                           Rebekah P. Durham
                                           Deputy Attorney General
                                           Attorney No. 37840-49

Thomas M. Fisher
Solicitor General
Attorney No. 17949-49

James Barta
Deputy Solicitor General
Attorney No. 31589-49

Melinda Holmes
Deputy Attorney General
Attorney No. 36851-79

Office of the Indiana Attorney General
Indiana Government Center South,
5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone: (317)232-2826
Fax: (317)232-7979
Aaron.Ridlen@atg.in.gov

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE SATANIC TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01859-JMS-MG |
| | ) | |
| TODD ROKITA, in his capacity | ) | |
| as Attorney General of Indiana, | ) | |
| and RYAN MEARS, in his | ) | |
| capacity as Marion County | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## LETTER TO THE COURT

The memorandum decision in *GenBioPro, Inc. v. Sorsaia* does not improve The Satanic Temple's case for standing here. The Satanic Temple asserts that, because of *GenBioPro*, "the only legal impediment to Plaintiff providing Medical Abortions in Indiana is Indiana Code § 16-34-2-7." Dkt. No. 61 at 2. This is false. The Satanic Temple never challenged Indiana's in-person dispensing requirement in its complaint. Even if it had, that statute is merely one of several laws, both state and federal, that The Satanic Temple would have to flaunt for its abortion-by-mail project to be viable. Further, there is substantial reason to doubt the soundness of the out-of-circuit decision on which The Satanic Temple relies.

The Satanic Temple's complaint did not challenge the validity of Indiana's in-person dispensing requirement, on preemption or any other grounds.[1] That issue has not been brought before this court, and the Southern District of West Virginia's decision did not nullify Indiana law. It did not even impact West Virginia law, as the Fifth Circuit's recent holding in *Alliance for Hippocratic Med. v. U.S. Food & Drug Admin.*, 2023 WL 5266026, at *32 (5th Cir. Aug. 16, 2023) found that the REMS promulgated by the FDA to regulate mifepristone dispensing are likely invalid.

Most importantly, The Satanic Temple faces numerous legal barriers beyond in-person dispensing requirements. Defendants have outlined several Indiana laws, plus a federal statute, that would have to be blatantly violated to mail abortifacients into Indiana from a virtual clinic. *See* Dkt. No. 51 at 2-3; Dkt. No. 37 at 8-9. Thus, the *BioGenPro* decision has no impact on The Satanic Temple's standing claims.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: <u>September 6, 2023</u>     By:     Aaron M. Ridlen
Deputy Attorney General
Attorney No. 31481-49

Christopher M. Anderson
Deputy Attorney General
Attorney No. 31870-49

---

[1] The Satanic Temple never raised a preemption argument in any of its previous briefing. To the extent that the Court considers The Satanic Temple's Letter to the Court to be a 28(j), submission, it is inappropriate for The Satanic Temple to raise new arguments through supplemental submissions of authority. *See Williams v. Romarm, SA*, 756 F.3d 777, 786-87 (D.C. Cir. 2014) ("[T]he 28(j) process should not be employed as a second opportunity to brief an issue not raised in the initial briefs.").

Rebekah P. Durham
Deputy Attorney General
Attorney No. 37840-49

Thomas M. Fisher
Solicitor General
Attorney No. 17949-49

James Barta
Deputy Solicitor General
Attorney No. 31589-49

Melinda Holmes
Deputy Attorney General
Attorney No. 36851-79

Office of the Indiana Attorney General
Indiana Government Center South,
5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone: (317)232-2826
Fax: (317)232-7979
Aaron.Ridlen@atg.in.gov